UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DR. GERALD R. FINKEL, as Chairman of the
Joint Industry Board of the Electrical Industry,

                Petitioner,                                              REPORT AND
                                                                                                                                                                                            RECOMMENDATION
    -against-                                                     22 CV 6225 (RPK)(RML)

MILLENNIUM FIRE SERVICES, LLC,

                Respondent.
------------------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated November 30, 2022, the Honorable Rachel P. Kovner, United States District Judge, referred the instant petition to confirm an arbitration award to me for report and recommendation. For the reasons explained below, I respectfully recommend that a judgment be entered confirming the arbitration award in the amount of $8,891.67.

## BACKGROUND AND FACTS

        Petitioner Dr. Gerald R. Finkel ("petitioner") is the Chairman of the Joint Industry Board of the Electrical Industry (the "JIB"). (Petition to Confirm the Arbitration Award, dated Oct. 14, 2022 ("Pet."), Dkt. No. 1, ¶ 4.) The JIB is the administrator of various employee benefit multi-employer plans established and maintained pursuant to a collective bargaining agreement ("CBA") between the Local Union # 3 of the International Brotherhood of Electrical Workers (the "Union") and certain employer associations and independent or unaffiliated employers in the electrical and other related industries. (Id.) Respondent is a New York corporation and, at all relevant times, was an employer within the meaning of section 3(5) of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(5), and an employer in an industry affecting commerce within the meaning of section 501 of the Labor Management

Relations Act ("LMRA"), 29 U.S.C. § 142. (Id. ¶ 13.) Respondent is a member of the New York System Suppliers Association (the "Association"). (Id. ¶ 14.) As a member of the Association, respondent agreed to be bound to the CBA between the Association, the Independent Contractors of the Electrical Protection Division, and the Union. (Id.)

The CBA required respondent to, *inter alia*, make contributions to the Union for all work within the trade and geographical jurisdiction of the Union and submit weekly payroll reports that provide the name, gross wages, and hours worked for each worker employed by the company on whose behalf required contributions are made. (Id. ¶ 15; see also Collective Bargaining Agreement, attached as Ex. A to the Pet., Dkt. No. 1-1, Art. 11.) The CBA binds respondent to the Collection Policy and Arbitration Procedures established by the JIB. (Pet. ¶¶ 16-18; see also Memorandum of Law in Support of Petition to Confirm Arbitration Award, dated Oct. 17, 2022 ("Pet'r's Mem."), Dkt. No. 7, at 3.) The Arbitration Procedures provide that the arbitrator shall have the jurisdiction to determine disputes between the JIB and an employer regarding an "[e]mployer's obligation to contribute to the Funds, including but not limited to Audits, Delinquencies, interest, liquidated damages, and attorneys' fees and costs . . . ." (Pet. ¶ 20; Pet'r's Mem. at 3; see also Arbitration Procedures, attached as Ex. C to the Pet., Dkt. No. 1-3, §§ I.K, II.A.)

A dispute arose between the parties when respondent failed to remit attorney's fees and costs and arbitrator's fees in connection with arbitration hearings scheduled for December 7, 2021, January 18, 2022, and May 17, 2022, and with an arbitration award issued against respondent on January 24, 2022. (Pet. ¶ 22; Pet'r's Mem. at 3.) Respondent acknowledged that it owed the amounts sought by the JIB and agreed to pay those amounts in exchange for the JIB canceling an arbitration hearing scheduled for May 17, 2022. (Pet. ¶ 23;

2

see also Email Correspondence, attached as Ex. D to the Pet., Dkt. No. 1-5.) However, respondent failed to remit payment of any of the amounts owed. (Pet. ¶ 24.)

Pursuant to the Collection Policy and Arbitration Procedures, petitioner initiated arbitration before the designated arbitrator, Stephen F. O'Beirne, Esq., to be conducted by written submissions. (Id. ¶ 25.) Petitioner noticed the arbitration by sending a Notice of Intent to Arbitrate with Statement of Claims by email. (Id.; see also Notice of Intent to Arbitrate and Statement of Claims, attached as Ex. C to the Pet., Dkt. No. 1-5.) On September 29, 2022, petitioner submitted evidence to the arbitrator demonstrating that respondent owed (1) attorney's fees of $600 and the arbitrator's fee of $1,400 in connection with the arbitration hearing held on December 7, 2021; (2) attorney's fees of $600 and the arbitrator's fee of $1,400 in connection with the arbitration hearing held on January 18, 2022; (3) the arbitrator's fee of $1,400 in connection with the arbitration award dated January 24, 2022; and (4) attorney's fees of $600 and the arbitrator's fee of $466.67 in connection with the arbitration hearing held on May 17, 2022. (Pet. ¶¶ 26-28.) Respondent failed to provide a written submission or present any evidence contesting the JIB's claims. (Id. ¶ 27.)

The arbitrator rendered an award (the "Award") on October 3, 2022, finding that respondent was in violation of the terms of the CBA and ordering respondent to pay the JIB the sum of $7,866.67. (Id. ¶¶ 29, 30; see also Arbitration Award, attached as Ex. G to the Pet., Dkt. No. 1-7.) The arbitrator also determined that respondent would be "responsible for any costs, including reasonable attorneys' fees, incurred by JIB in enforcing" the Award. (Pet. ¶ 31; Arbitration Award.) Respondent has failed to abide by the Award. (Pet. ¶ 32.)

Petitioner commenced this action pursuant to ERISA, 29 U.S.C. § 1132(a)(3) and the LMRA, 29 U.S.C. § 185 to confirm and enforce the Award rendered pursuant to the CBA.

3

(Id. ¶ 1.)  Although properly served, respondent has not opposed the petition or otherwise appeared in this proceeding.  (See Affidavit of Service of Edward J. Bowmaker, sworn to Oct. 18, 2022, Dkt. No. 8.)  Petitioner asks the court to deem its petition as an unopposed motion for summary judgment, confirm the Award, and grant the request for attorney's fees and costs.  (See Letter Requesting to Have Petition Deemed as an Unopposed Motion for Summary Judgment, filed Nov. 29, 2022 ("Pet'r's Ltr."), Dkt. No. 10.; see also Pet. at 9.)

## DISCUSSION

### I. Appropriateness of Summary Judgment

A petition to confirm an arbitration award is "akin to a motion for summary judgment."  D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).  Even when unopposed, treating a petition to confirm or vacate an arbitration award as a motion for entry of a default judgment is "generally inappropriate," because the petition is "generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command judicial deference."  Id.  However, where, as here, respondent fails to appear in both the arbitration and the subsequent confirmation proceeding, the distinction becomes "somewhat academic."  Trs. of Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Coop. Funds v. Excel Installations, LLC, No. 19 CV 3012, 2020 WL 429135, at *2 (E.D.N.Y. Jan. 27, 2020) (citation omitted).

In such cases, regardless of whether the court treats the unopposed petition as a motion for default judgment or an unopposed motion for summary judgment, the record lacks any meaningful challenge to the petitioners' claims.  Id.  Under these circumstances, courts in this district have sometimes reviewed unopposed petitions to confirm arbitration awards as motions for default judgments.  See, e.g., Loc. 363, United Elec. Workers of Am., Int'l Union of

4

Journeymen & Allied Trades v. Laser Lite Elec., Inc., No. 17 CV 267, 2017 WL 9939041 at *3 (E.D.N.Y. Nov. 9, 2017), supplemented by 2018 WL 3635044 (E.D.N.Y. Apr. 2, 2018) (collecting cases).  However, petitioner specifically asks the court to deem the petition an unopposed motion for summary judgment.  (See Pet'r's Ltr.)  The request is "consistent with Second Circuit precedent."  Excel Installations, LLC, 2020 WL 429135, at *2 (citing Trs. of Ne. Carpenters Health, Pension, Annuity, Apprenticeship v. Espinosa Grp., Inc., No. 17 CV 3257, 2019 WL 632280, at *1-2 (E.D.N.Y. Feb. 14, 2019)).  Accordingly, I recommend that the request to review the petition to confirm the arbitration award as an unopposed motion for summary judgment be granted.

**II.     Confirming the Arbitration Award**

"In the context of a petition to confirm an arbitration award, the [moving party's] burden is not an onerous one."  Finkel v. Pomalee Elec. Co., No. 16 CV 4200, 2018 WL 1320689, at *5 (E.D.N.Y. Feb. 22, 2018), report and recommendation adopted, 2018 WL 1318997 (E.D.N.Y. Mar. 14, 2018) (citation omitted).  Confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected."  D.H. Blair & Co., 462 F.3d at 110 (internal quotation marks and citation omitted).  Thus, to prevail, the moving party must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).  Furthermore, "[i]t is well established that courts must grant an [arbitrator's] decision great deference."  Trs. of Empire State Carpenters Annuity, Apprenticeship, Lab.-Mgmt. Coop., Pension & Welfare Funds v. HVH Enter. Corp.,

No. 13 CV 2769, 2014 WL 923350, at *4 (E.D.N.Y. Mar. 10, 2014) (quoting Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003) (alteration in original)).

The arbitrator's rationale need not be explained and the award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case." D.H. Blair, 462 F.3d at 110 (quoting Barbier v. Shearson Lehman Hutton, Inc., 984 F.2d 117, 121 (2d Cir. 1991)).  Only "a barely colorable justification for the outcome reached" is necessary to confirm the award.  Id.  Moreover, "under the LMRA[,] an arbitration award should be upheld as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice."  HVH Enter. Corp., 2014 WL 923350, at *4 (internal quotation marks and citation omitted); see also United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 37 (1987) (noting that federal labor statutes reflect a "decided preference for private settlement of labor disputes" through arbitration as opposed to more extensive court intervention).

Here, the Award "draws its essence" from the CBA, and petitioner has established that there remains no genuine issue of material fact for trial.  The documentation before the court establishes that respondent was bound by the CBA, Collection Policy, and Arbitration Procedures during the relevant time period, and that the dispute was submitted to arbitration with due notice to respondent.  The arbitrator found that respondent was in violation of the terms of the CBA and ordered respondent to pay the JIB the sum of $7,866.67 consisting of: (1) attorney's fees of $600 and the arbitrator's fee of $1,400 in connection with the arbitration hearing held on December 7, 2021; (2) attorney's fees of $600 and the arbitrator's fee of $1,400 in connection with the arbitration hearing held on January 18, 2022; (3) the arbitrator's fee of $1,400 in connection with the arbitration award dated January 24, 2022; (4) attorney's fees of

$600 and the arbitrator's fee of $466.67 in connection with the arbitration hearing held on May 17, 2022; and (5) the arbitrator's fee of $1,400 in connection with the arbitration award dated October 3, 2022. (Pet. ¶¶ 29, 30; see also Arbitration Award, attached as Ex. G to the Pet., Dkt. No. 1-7.)

Having reviewed petitioner's submissions, as well as the Award itself, I find that petitioner has met its summary judgment burden and that more than a barely colorable justification exists for the arbitration award. As respondent has failed to appear in this action – let alone raise any argument regarding vacatur, modification, or correction – and no defense is apparent from the record, confirmation is mandatory. See generally New York City Dist. Council of Carpenters v. Am. Flooring Concepts Inc., No. 18 CV 2657, 2018 WL 4863651, at *4 (E.D.N.Y. Sept. 7, 2018), report and recommendation adopted, 2018 WL 4861387 (E.D.N.Y. Oct. 4, 2018); New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC, No. 17 CV 6461, 2018 WL 5077161, at *3 (E.D.N.Y. Aug. 7, 2018), report and recommendation adopted, 335 F. Supp. 3d 349 (E.D.N.Y. 2018). Therefore, I respectfully recommend that the Award be confirmed, and that respondent be ordered to pay the total arbitration award amount of $7,866.67.

### III. Attorney's Fees and Costs

Finally, petitioner requests attorney's fees and costs incurred in the present action. Under ERISA, parties are entitled to reasonable attorney's fees and costs in actions initiated to recover delinquent contributions pursuant to a collective bargaining agreement. 29 U.S.C. § 1132(g)(2)(D). Although that entitlement does not necessarily extend to petitions to confirm arbitration awards, courts tend to award fees when respondents "refuse[] to abide by an arbitrator's decision without justification." Trs. of Ne. Carpenters Health, Pension, Annuity,

7

Apprenticeship, & Labor Mgmt. Cooperation Funds v. CEI Contractors, Inc., No. 18 CV 3467, 2019 WL 117603, at *4 (E.D.N.Y. Jan. 7, 2019); see also Local 807 Labor-Mgmt. Health & Pension Funds v. Showtime on the Piers, LLC, No. 18 CV 3642, 2019 WL 440641, at *4 (E.D.N.Y. Jan. 14, 2019), report and recommendation adopted, 2019 WL 438476 (E.D.N.Y. Feb. 4, 2019).  In addition, petitioner is entitled to the reasonable attorney's fees and costs expended in this matter pursuant to the CBA, the Collection Policy, and the Award.  (Pet. ¶ 35.)  Thus, petitioner is entitled to recover the attorney's fees incurred in bringing this action and the question becomes whether the requested fees are reasonable.

Attorney's fees are determined by "multiplying a reasonable hourly rate by the number of reasonably expended hours.  The reasonable hourly rate should be what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively."  Bergerson v. N.Y. State Office of Mental Health, 652 F.3d 277, 289 (2d Cir. 2011) (internal quotation marks and citation omitted).  Claims for attorney's fees in the Second Circuit generally must be supported by contemporaneous time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done."  New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).  To determine what constitutes a reasonable hourly rate, this court looks to the hourly rates that attorneys routinely charge for comparable work in the Eastern District of New York. Loc. No. 46 Metallic Lathers Union & Reinforcing Iron Workers Welfare Tr. Fund v. Crops Design Corp., No. 12 CV 4218, 2013 WL 5460871, at *6 (E.D.N.Y. Sept. 30, 2013).

In this district, the prevailing hourly rates are generally "$200 to $450 for partners in law firms, $200 to $325 for senior associates, $100 to $200 for junior associates . . . ."  Noboa v. Quality Homes USA, Inc., No. 21 CV 7134, 2023 WL 35030, at *2 (E.D.N.Y. Jan. 4, 2023)

(citation and quotation marks omitted); see also Perrone v. Amato, No. 09 CV 316, 2022 WL 595187, at *3 (E.D.N.Y. Feb. 27, 2022) (prevailing hourly rates "generally range from $300.00 to $450.00 for partner-level attorneys, and $200.00 to $325.00 for those with less experience."); N.Y.C. Dist. Council of Carpenters v. Trs. of New York City Dist. Council of Carpenters Welfare Fund, No. 16 CV 3429, 2018 WL 3768586, at *3-4 (E.D.N.Y. July 23, 2018), report and recommendation adopted sub nom. Trs. of New York City Dist. Council of Carpenters Welfare Fund v. Best Made Floors, Inc., 2018 WL 3785331 (E.D.N.Y. Aug. 8, 2018) (awarding hourly rates of $300 to a partner with over twenty years of experience, $200 to "of counsel" with less than five years of experience, and $90 to legal assistants); see also CEI Contractors, 2019 WL 117603, at *6 (reducing hourly rate from $225 to $200 for an associate who graduated four years earlier and "had handled the prosecution of numerous ERISA collection actions"); Trs. of Loc. 7 Tile Indus. Welfare Fund v. Larsen Marble & Tile, LLC, No. 18 CV 1025, 2018 WL 6363923, at *6 (E.D.N.Y. Nov. 19, 2018), report and recommendation adopted as modified, 2018 WL 6344188 (E.D.N.Y. Dec. 5, 2018) (reducing the hourly rates for associate who graduated four years earlier from $265 to $200 and for legal assistants from $115 to $90).

Here, petitioner seeks a total of $622 for 4.1 hours of work completed by the law firm Virginia & Ambinder, LLP in connection with the petition to confirm the Award. (Pet. ¶ 41.) Petitioner has provided contemporaneous time records specifying the date, hours expended, and nature of the work done. (Invoice Submitted to Joint Industry Board, attached as Ex. H to the Pet. ("Invoice"), Dkt. 1-8.) According to petitioner's Invoice, associate Maura Moosnick billed 0.7 hours at $290 per hour and legal assistant Eva Keating billed 3.4 hours at $135 per hour. (Pet. ¶¶ 37-39; see also Invoice.) Ms. Moosnick's requested rate is high for a first-year associate. (See Pet. ¶ 38.) I respectfully recommend reducing Ms. Moosnick's rate to $200 per

9

hour in light of the cases cited above. The hourly rate requested for the legal assistant is also high. See, e.g., Finkel v. JCF Elec., Inc., No. 21 CV 3161, 2022 WL 3682834, at *4 (E.D.N.Y. Aug. 25, 2022) (finding $120 to be a reasonable hourly rate for the work of legal assistants); Finkel v. Firealarm Elec. Corp., No. 21 CV 3802, 2022 WL 1407239, at *12 (E.D.N.Y. Feb. 11, 2022) (approving a rate of $120 per hour for the work of legal assistants in an ERISA case). Accordingly, I respectfully recommend reducing the legal assistant's rate to $120 per hour.

Once it determines appropriate hourly rates, the court reviews "the reasonableness of the hours billed," ensuring that the amount of time expended is not "excessive, redundant or otherwise unnecessary." Trs. of Local 7 Tile, 2018 WL 6363923, at *7 (quoting Bourgal v. Atlas Transit Mix, No. 93 CV 569, 1996 WL 75290, at *7 (E.D.N.Y. Feb. 7, 1996)). After reviewing petitioner's invoice, I find the 4.1 hours billed to be reasonable. Applying the reduced rates enumerated above to the hours billed results in fees totaling $548, which I respectfully recommend be awarded.

Petitioner also seeks costs in the amount of $477. (Pet. ¶ 42.) "[C]ourts routinely make awards for costs pursuant to ERISA in confirmation proceedings." Laser Lite Elec., Inc., 2017 WL 9939041, at *6 (quoting Abondolo v. Jerry WWHS Co., Inc., 829 F. Supp. 2d 120, 130 (E.D.N.Y. 2011)); see also FED. R. CIV. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Plaintiffs may recover "[c]osts relating to filing fees, process servers, postage, and photocopying." Teamsters Loc. 814 Welfare Fund v. Dahill Moving & Storage Co., 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008). In this case, costs include $477 for "filing and service" fees. (See Pet. ¶ 42.) I find that the requested costs are reasonable, and therefore recommend that petitioner be awarded $477 in costs.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the petition to confirm the arbitration award be granted. I further recommend that respondent be ordered to pay petitioner the total remaining award amount of $8,891.67, representing: (1) the outstanding principal and interest due in the total amount of $7,866.67; and (2) petitioner's fees and expenses incurred in bringing this action in the amount of $1,025. Any objections to this report and recommendation must be filed within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d). Petitioner is directed to serve copies of this Report and Recommendation on respondent within three days of the date of this Report and Recommendation and to file proof of service by ECF.

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
April 6, 2023